Jay PALMER, et al.,
Plaintiffs–Appellants,

v.

BRG OF GEORGIA, INC., a Georgia
Corporation, d/b/a Bar/Bri, et al.,
Defendants–Appellees.

No. 87–8804.

United States Court of Appeals,
Eleventh Circuit.

Jan. 29, 1990.

John C. Butters, Atlanta, Ga., James Ponsoldt, Athens, Ga., for plaintiffs-appellants.

Trammell Newton, Jones, Day, Reavis & Pogue, Kevin E. Grady, Alston & Bird, Atlanta, Ga., for defendants-appellees.

ON PETITIONS FOR REHEARING
AND SUGGESTIONS OF
REHEARING IN BANC

Before HATCHETT and CLARK, Circuit Judges, and FITZPATRICK *, District Judge.

BY THE COURT.

Our opinion reported at 874 F.2d 1417 (11th Cir.1989) is amended by adding the following language on page 1424, right column, following the citation to *Citizens Publishing Co. v. United States*, 394 U.S. 131, 89 S.Ct. 927, 22 L.Ed.2d 148 (1969).

We agree with the district court that the modified agreement (1982) is not a market allocation agreement to which per se liability applies. First, the agreement is not a "naked agreement" between competitors to allocate the market. Second, HBJ and BRG are not horizontal competitors. HBJ's affidavit states that it is no longer a competitor in the Georgia mar-

ket. The appellants have failed to produce evidence to the contrary. In the absence of evidence other than the affidavit on this issue, we cannot conclude that HBJ is doing business in Georgia. In all other respects, the opinion is reissued. Judge Clark adheres to his dissent.

The petitions for rehearing are denied and no member of this panel nor other judge in regular active service on the court having requested that the court be polled on rehearing in banc (Rule 35, Fed.R. App.P.; 11th Cir.R. 35–5) the suggestions of rehearing in banc are denied.

---

* Honorable Duross Fitzpatrick, U.S. District Judge for the Middle District of Georgia, sitting by designation.